

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

**DANIEL M. BRAUN**
Senior Counsel
Phone: (212) 356-2659
Fax: (212) 788-9776
dbraun@law.nyc.gov

December 28, 2021

**VIA ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl St.
New York, New York  10007

Re:  **McGill, et al. v. City of New York, et al., 21 CV 8619 (LJL)**

Your Honor:

I am a Senior Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, representing defendant City of New York, Mayor De Blasio, Commissioner Shea, and Commissioner Grayson (hereinafter, "City defendants") in the above-referenced matter. I write pursuant to Your Honor's Individual Practices, rules 1.A-C, to respectfully request that the above-referenced case be designated for participation in Southern District of New York Local Civil Rule 83.10 (formerly, the Section 1983 Plan, and hereinafter, the "Plan").

In the alternative, City defendants respectfully request a 60-day enlargement of time to answer or otherwise respond to the complaint, and that the initial conference currently scheduled for January 6, 2022 and related deadlines (including for the parties' proposed Case Management Plan and Scheduling Order) be adjourned accordingly. This is City defendants' first request.

Plaintiffs object to participation in the Plan. Insofar as the Court declines to designate this case for the Plan, plaintiffs consent to a 60-day enlargement of time to respond only if City defendants make its best efforts to identify John or Jane Doe officers by January 28, 2022.

**Requesting Designation for Participation in the Plan**

On October 20, 2021, plaintiffs initiated this action pursuant to 42 U.S.C. § 1983, claiming various constitutional violations, and the City was served on December 7, 2021. (See ECF Nos. 1, 12). However, for reasons unknown to the undersigned, this matter was never designated for inclusion under Local Civil Rule 83.10.  This rule is a comprehensive case management plan that automatically governs the pretrial phase of cases brought pursuant to § 1983 – such as the case at bar -- in this District pursuant to Local Civil Rule 83.10. One purpose

of the Plan is to increase efficiencies in certain categories of Section 1983 cases by mandating early disclosures of categories of documents and directing the parties to early mediation. The Plan would, for instance, help facilitate the exchange of any materials that plaintiffs may possess and aid in identifying the alleged Doe officers, provide an opportunity for plaintiffs to amend their pleadings without leave pursuant to the Plan, and direct the parties to Plan mediation with the potential for early resolution. Plan mediation seems particularly well suited for a case such as this, in which plaintiffs claim losses of property such as beach chairs, a ring purportedly valued at $591.50, headphones, an Apple watch, a backpack, an electronic tablet, and school supplies. Indeed, the Plan was designed to help efficiently manage and reduce the time of the disposition in the typical Section 1983 cases brought against the NYPD and its officers. See Elliot v. City of N.Y., 2020 U.S. Dist. LEXIS 216028 (S.D.N.Y. Nov. 18, 2020) (explaining the history and purpose of adopting Local Civil Rule 83.10).

In the instant case, especially given that plaintiffs appear to neither request systemic equitable reform nor immediate injunctive relief, mediating the alleged § 1983 violations of due process, unreasonable seizures, retaliation, and municipal liability – and likewise mediating the purported losses of the miscellaneous personal effects -- seems vastly preferable to tying up the finite judicial resources of a federal court.

Plaintiffs oppose including the case in the 1983 Plan for reasons they have discussed with defense counsel, including because this case does not allege "the use of excessive force, false arrest, or malicious prosecution" and because most of the records the 1983 Plan contemplates early disclosure of are not, according to Plaintiffs, relevant to this case.

Defendants respectfully submit that plaintiffs' position neglects the Plan's purpose and functionality, and that this § 1983 case therefore be designated for participation in the Plan.

**In the Alternative, Defendants Request a 60-Day Enlargement of Time to Respond to the Complaint.**

If the Court declines to designate the instant case for the Plan, then City defendants respectfully request a 60-day enlargement of time from December 28, 2021 until February 28, 2022 within which the City defendants will answer or otherwise respond to the complaint. By way of background, the plaintiffs' Complaint alleges procedural due process violations, unreasonable seizure, retaliation, municipal liability, conversion, and trespass to chattel. Specifically, plaintiffs allege they were encamped in City Hall Park when, on July 22, 2020, New York City Police officers forced them out without notice in order to disrupt and deter protests, and caused plaintiffs to lose various personal belongings.

Based on these allegations, there are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the Complaint and respond accordingly. Plaintiffs consent to City defendants' request only if it agrees to make best efforts to identify, and to provide plaintiffs with the identities of, the Doe officers by January 28, 2022. Otherwise, per email from plaintiffs' counsel Gideon Oliver to the undersigned dated December 27, 2021:

Plaintiffs consent to a two-week extension of the time within which to answer or otherwise respond to the Complaint and oppose a further extension, particularly in light of the need to identify and name the John and Jane Doe Defendants in the Complaint prior to the February 2022 expiration of the statutes of limitations related to Plaintiffs' state law claims against those Doe Defendants. Plaintiffs offered to consent to Defendants' application if they would agree to make their best efforts to identify, and to provide Plaintiffs with the identities of, the Doe Defendants no later than January 28, 2022, and to memorialize those agreements in their application to the Court. Because Defendants have not agreed to those conditions, Plaintiffs oppose the lengthy extension Defendants now seek. If granted, Defendants' application, combined with their application to put off the initial pretrial conference indefinitely, would prevent Plaintiffs from identifying and naming the Doe Defendants before the statute of limitations as to Plaintiffs' state law claims against them runs, and from moving the case forward otherwise. Plaintiffs' counsel will submit a letter explaining the reasons for their opposition to the Court more fully within two business days.

In a meet and confer, the undersigned conveyed that as a matter of practice he undertakes best efforts to identify Doe officers and is agreeable to disclosing Doe defendants' identities as expeditiously as possible. This would be even though discovery will not yet have begun. But, City defendants cannot formally agree to plaintiffs' conditions. City defendants should not be punished because Plaintiffs waited until the last minute to file suit, and waited an additional six weeks to purportedly serve the parties during a time of year before the holidays, when City personnel (including the undersigned) tend to be out of the office. Plaintiffs apparently made no prior effort to identify Does other than to wait until September 2021 to purportedly send a letter to top level City officials about miscellaneous personal effects beginning with "2 beach chairs" and ending with a "tent" that allegedly went missing while left *unattended* (Dkt. No. 1) – and now they want defendants to rush during holidays and a surge in the deadly pandemic. City defendants will make their best efforts, but a formal agreement would be unduly prejudicial.

Finally, according to the civil docket sheet, the individually named defendants, Mayor Bill De Blasio, Department of Sanitation Commissioner Edward Grayson, Police Commissioner Dermot Shea, and Chief of Support Services Raymond Spinella, may have been served with process in this case.[1] As this Office has not yet assumed representation for all of the individually named defendants, this request is not made on all of their behalf. However, given the time involved in determining the representation, and in the interest of judicial economy, we hope that the court will, *sua sponte*, enlarge their time to respond as well.

Based on the foregoing, we respectfully request that this case be designated for the Plan, and if not, then that City defendants' time to answer or otherwise respond to the complaint be extended to February 28, 2022. City defendants request a corresponding adjournment of the initial conference currently scheduled for January 6, 2022 at 12:00 p.m. and accompanying deadlines (including for the parties' proposed Case Management Plan and Scheduling Order).[2]

---

[1] Individual defendants may have been incorrectly served. For example, it appears that Commissioner Shea was incorrectly served at 100 Church Street instead of 1 Police Plaza, New York, NY. (Dkt. No. 15)

[2] The undersigned also respectfully notes that he is scheduled to be out of the country from January 2, 2022 and returning to the office on January 11, 2022.

Thank you for your time and consideration.

                                                Respectfully submitted,

                                                            /s/

                                                Daniel M. Braun
                                                Senior Counsel

CC:    Gideon Oliver, Esq. (BY ECF)
          Jennifer Safstrom, Esq. (BY ECF)
          Elena Cohen, Esq. (BY ECF)
          Jessica Massimi, Esq. (BY ECF)
          Remy Green, Esq. (BY ECF)