

**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

Office: (718) 783-3682
Signal: (646) 263-3495
Fax: (646) 349-2914*

*Not for service*

December 30, 2021

VIA ECF
Honorable Lewis J. Liman
United States District Judge - Southern District of New York
500 Pearl St.
New York, New York 10007

Re: *McGill, et al. v. City of New York, et al.*, 21 CV 8619 (LJL)

Your Honor:

We are the attorneys for Plaintiffs McGill and Velez in the above-referenced matter. In response to Defendants' Letter Motion submitted on December 28, 2021 (Dkt. 17), we are writing to oppose Defendants' request to proceed with this matter pursuant to Local Civil Rule 83.10 (the "1983 Plan"). Defendants alternatively request a 60-day enlargement of time to respond to Plaintiffs' complaint. As Defendants stated, Plaintiffs are willing to consent to the enlargement on the condition that Defendants agree to undertake a good-faith effort to identify the John or Jane Doe officers named in the Complaint by January 28, 2022. Plaintiffs consent to a brief adjournment of the initial pretrial conference until a date as soon as is possible after defense counsel has returned to the country on January 11, 2022.

**Background**. In July of 2020, Plaintiffs gathered in City Hall Park to peacefully protest the murder of George Floyd and advocate for law enforcement reform. Protestors, who renamed the space "Abolition Park," called upon the Mayor and New York City government to reallocate city funds from policing to social services. At approximately 3:40 am on July 22, 2020, with no more than ten-minutes' warning, the police raided the park. Once officers forcibly removed the protestors from the park, police and sanitation workers began seizing some items and throwing out others. Among the items seized or destroyed were possessions of great personal value to Plaintiffs, including Plaintiff McGill's engraved college graduation ring that contained her late grandfather's ashes sealed inside, and Plaintiff Velez's schoolbooks and education supplies she had purchased to tutor a young child at the park. To vindicate their rights, Plaintiffs filed suit on October 20, 2021. Plaintiffs challenge Defendants' interference with their property rights as violative of the First, Fourth, and Fourteenth Amendments of the U.S. Constitution, including a *Monell* claim against the City of New York ("the City"). Compl. ¶¶ 40-58. Plaintiffs also claim that Defendants violated New York state-law protections against conversion and trespass to chattel. *Id.* ¶¶ 59-67. The Defendants include several John or Jane Does, including the supervisory official who "managed, directed, and oversaw the operation[,]" *id.* ¶ 6, and officials who "implemented the park's clearing and seized and/or destroyed Plaintiffs" property[.]" *Id.* ¶ 7. The relief sought includes compensatory and punitive damages, as well as equitable relief in the form of a declaratory judgment that Defendants' conduct was unlawful. *Id.*, p. 24.

**Opposition to Inclusion in the 1983 Plan.** Plaintiffs oppose Defendants' request to proceed with this matter pursuant to the 1983 Plan. By its terms, the 1983 Plan is not applicable to this case. Plaintiffs do not allege "excessive force, false arrest, or malicious prosecution," which are the claims specified as eligible in the language of the 1983 Plan. S.D.N.Y. Local Rule 83.10. *See also, e.g.*, *Elliot v. City of N.Y.*, 2020 U.S. Dist. LEXIS 216028, at *4 (S.D.N.Y. Nov. 18, 2020) ("The 1983 Plan applies to all cases in this District '. . . alleging the use of excessive force, false arrest, or malicious prosecution by employees of the NYPD. . . .'") (citing S.D.N.Y. Local Rule 83.10). Indeed, neither Plaintiffs' claims here nor the facts underlying Plaintiffs' claims feature any use of force, arrest, or prosecution involving either Plaintiff. Defendants do not cite—and Plaintiffs have not found—a single case in which the 1983 Plan has been applied where no claims meet its express criteria. Indeed, such an unprecedented application would indicate that the 1983 Plan, despite its language, may be applied in virtually any case in which a party wishes to strategically invoke its purported benefits. The law should not support such an unbounded expansion. This stands to reason. "One of [the 1983 Plan's] core goals is to encourage a fast and efficient discovery process." *Id.* To that end, the 1983 Plan requires the early exchange of several types of documents "considered most helpful for an early disposition" of cases *in the applicable categories*, *id.*, while all other discovery is stayed. Because this case about First Amendment and personal property rights does not fall within those categories, the early production required by the Plan includes documents that have little or no relevance here. In particular, it requires Plaintiffs provide Defendants with releases for sealed arrest records and medical or psychological treatment records, as well as associated medical or psychological records (if any). As no arrest or injury is alleged here, none of these documents would do anything to expeditiously resolve this case. They would instead only serve to unnecessarily intrude on Plaintiffs' privacy. The 1983 Plan also requires Defendants to disclose certain complaint, personnel, and Internal Affairs records that may serve to assess the conduct or credibility of individual officers involved. Here, Plaintiffs have been unable to identify the individual officers involved, and the stay of non-Plan discovery would prevent them from doing so in a timely fashion through discovery. Accordingly, the 1983 Plan would require early disclosure of documents that would serve little purpose here, while staying discovery that would actually help to resolve any factual disputes involving Plaintiffs' claims. Plaintiffs also have "a legitimate interest in the expeditious resolution of [their] civil case." *Jackson v. Johnson*, 985 F. Supp. 422, 425 (SDNY 1997). Including this case in the 1983 Plan would, if anything, hinder the progress of this litigation, impede judicial efficiency, and prejudice Plaintiffs' rights to pursue their claims in a timely manner. Moreover, the 1983 Plan does not apply to cases, such as this one, in which Plaintiffs are "requesting systemic equitable reform." S.D.N.Y. Local Rule 83.10. Plaintiffs request declaratory relief and that the Court "[g]rant any further relief . . . [it] deem[s] just and proper," in addition to compensatory and punitive damages. Compl., p. 24. A declaratory judgment that Defendants' conduct disposing of protestors' property without adequate notice was unlawful would have a systemic effect on future City actions. Cases such as this one seeking such equitable relief are categorically excluded from the 1983 Plan. Finally, the principal benefit of adopting the 1983 Plan despite its express terms according to Defendants' letter is that it would require the parties to engage in mediation that could promote early settlement. But nothing prohibits the parties from engaging in settlement negotiations—including through the use of a mediator—if the 1983 Plan is not applied. Indeed, Plaintiffs are open to engaging with Defendants about potential settlement, and will of course participate in any settlement conference or mediation process ordered by this Court. Plaintiffs accordingly submit that here the 1983 Plan's benefits are illusory, and its use inappropriate.

**Consent to 60-Day Enlargement Conditioned on the Identification of Doe Defendants.** Should this Court agree that the 1983 Plan should not be applied here, Plaintiffs consent to a 60-day enlargement of the time to respond to Plaintiffs' complaint until February 28, 2022, on the condition that Defendants undertake good-faith efforts to identify John or Jane Doe officers by January 28, 2022. The state-law statute of limitations expires at the beginning of February 2022. Plaintiffs also request that the adjournment of the initial pretrial conference, scheduled for January 6, 2022, be conditioned on Defendants' efforts to identify Doe defendants.[1] This condition is reasonable in time and scope, and consistent with Defendants' obligations to identify the individuals responsible for the operation that resulted in the loss of Plaintiffs' belongings. *See, e.g.*, *Azbel-Bedell v. City of New York, et al.*, EDNY Docket No. 21-cv-4961 (FB)(CPL), Dkt. 17 (ordering Defendant City to identify NYPD member Doe Defendants by a certain date); *Karnes, et al. v. City of New York, et al.*, EDNY Docket No. 21-cv-4903 (WFK)(JRC), November 23, 2021 Minute Order (ordering similar relief). Accordingly, Plaintiffs ask the Court to require the City to identify potential Doe defendants and their service addresses as a condition to enlargement, as the "[C]ourt may pursue any course that it deems appropriate to a further inquiry into the identity of" the prospective defendant officers. *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997). Counsel's efforts to identify Doe defendants predate the present litigation. For example, Plaintiffs filed timely Notices of Claim within 90 days of the incident, and counsel diligently reviewed publicly available information and information possessed by Plaintiffs. When those efforts did not reveal officials' identities, on September 14, 2021, counsel sent a "Letter of Inquiry Regarding Destruction of Property at Abolition Park on July 22, 2020" to the Police Department, Corporation Counsel, Office of the Comptroller, and Department of Sanitation to request the identity of City officials who were involved in the destruction of Plaintiffs' property. Those are some of the efforts Plaintiffs have taken to "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name." *Hogan v. Fischer*, 738 F.3d 509, 518–19 (2d Cir. 2013) (internal citation omitted). The request for this condition is the latest in counsel's ongoing attempts to identify the Doe officers in this case. As counsel explained during a meet and confer and in subsequent correspondence on December 27, 2021, any further delay, without the opportunity to identify all potential defendants, would be materially adverse to Plaintiffs: "If granted, Defendants' application, combined with their application to put off the initial pretrial conference indefinitely, would prevent Plaintiffs from identifying and naming the Doe Defendants before the statute of limitations as to Plaintiffs' state law claims against them runs, and from moving the case forward otherwise." Such a delay would prejudice not only Plaintiffs, but also the Doe defendants themselves, who have their own rights and interests – independent of the other Defendants – to know they have been named in litigation before, or as close to, the statute of limitations as possible.

Plaintiff McGill, Plaintiff Velez, and counsel thank Your Honor for the Court's attention to this matter.

Respectfully submitted,

---

[1] Plaintiffs acknowledge that Defendants' counsel is scheduled to be out of the country, returning January 11, 2022. Plaintiffs are available for a rescheduled initial pretrial conference after counsel returns, at the Court's convenience.

Seth Wayne
Institute for Constitutional Advocacy and
Protection (ICAP)
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
Tel: 202-662-9042
sw1098@georgetown.edu

Jennifer Safstrom
Civil Rights Clinic (CRC)
Georgetown University Law Center
600 New Jersey Ave. NW, Suite 352
Washington, D.C. 20001
Tel: 202-661-6629
jsafstrom@georgetown.edu

*Attorneys for Plaintiffs*

Gideon Oliver
277 Broadway STE 1501
New York, New York, 10007
Tel: 718-783-3682
gideon@gideonlaw.com

Elena L. Cohen
J. Remy Green
Cohen & Green, PLLC
1639 Centre St., STE 216
Ridgewood, New York, 11385
Tel: 929-888-9650
elena@femmelaw.com
remy@femmelaw.com