

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*\*Not for service*

August 23, 2022

Hon. Lewis J. Liman
United States District Court., Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: Motion to Amend the Case Management Plan and Scheduling Order
     <u>*McGill & Velez v. City of New York, et al.*</u>, No. 1:21-cv-08619(LJL)

Dear Judge Liman:

  The parties jointly submit this cover letter to request a modification of the Case Management Plan and Scheduling Order. The parties request all forthcoming deadlines, including last Friday's deadline for motions to amend or add parties, be extended by sixty (60) days. The parties' proposed deadlines are as follows, followed by the current deadlines in parentheses:

- Motion to amend or add parties: Tuesday, October 18, 2022 (August 19, 2022)
- Completion of fact discovery: Monday, November 21, 2022 (September 21, 2022)
- Depositions completed by: Monday, November 21, 2022 (September 21, 2022)
- Requests for Admissions due: Thursday, October 20, 2022 (August 21, 2022)
- All expert discovery completed by: Friday, January 6, 2023 (November 7, 2022)
- All discovery completed by: Friday, January 6, 2023 (November 7, 2022)
- Proposed pretrial order submission: Monday, April 17, 2023 (N/A)
- Motion for summary judgment: Friday, January 20, 2023 (November 21, 2022)

  The parties ask that that post-discovery status conference, currently scheduled for November 9, 2022, at 2pm, be rescheduled at the Court's convenience.

  The parties have shown good cause for the requested extension. In accordance with this Court's Individual Rules of Practice and the standard for good cause set out in *Furry Puppet Studio v. Fall Out Boy*, No. 19-cv-2345 (LJL), 2020 U.S. Dist. LEXIS 155557 (S.D.N.Y. Feb. 24, 2020), the parties assert the following:

  (1) The parties have each conducted discovery in the form of interrogatories and requests for production, to which each party has responded.  The parties have communicated about the intent to conduct depositions following review of the materials provided in response to the initial requests.  Although the time for depositions has not yet expired, the parties have not yet identified key deponents through document discovery, which has frustrated our efforts to notice and conduct depositions.

(2) Unforeseen circumstances have occurred in that lead counsel for both Plaintiffs and Defendants have or are soon changing employment during the discovery period.  Accordingly, additional time is necessary for new counsel to be assigned and brought up to speed on this matter.  Second, one of the attorneys for Plaintiffs became ill with COVID-19 during the discovery period, requiring him to take time off work and delaying discovery progress.  Third, one of the Plaintiffs experienced an illness that caused delays in communications.

(3) The remaining discovery to be conducted includes documentary discovery in the form of official reports, records, and communications from Defendants related to the action at issue in this case, as well as all depositions.  Counsel for Defendants continues to review records to determine what, if any, responsive documents exist. This has not been completed due to the volume of potential materials and documents requiring review. These reports, records, and communications are important, insofar as they are necessary for the parties to identify key deponents as well as the remaining Doe defendants.

(4) The parties believe that an additional 60 days, factoring in the intervening holidays, are necessary to complete the discovery process, and will likely allow the parties to be fully informed and discuss the possibility of settlement.  Accordingly, this additional time will likely contribute to the "just, speedy, and inexpensive determination" of this matter.

(5) The need for additional time is not the result of carelessness, the attorneys' otherwise busy schedules, or a change in litigation strategy.

Finally, the parties have mutually agreed that additional time is needed for the exchange of information, including to identify prospective Doe Defendants, whose identity is not discernable through existing discovery, and that this extension will not harm the parties' interests or cause undue delay.

The parties thank the Court for its consideration and are available to address any questions or concerns.

    Respectfully submitted,

    Seth Wayne
    Institute for Constitutional Advocacy and
    Protection (ICAP)
    Georgetown University Law Center
    600 New Jersey Ave. NW
    Washington, D.C. 20001
    Tel: 202-662-9042
    sw1098@georgetown.edu

    Gideon Oliver
    277 Broadway STE 1501
    New York, New York, 10007
    Tel: 718-783-3682

gideon@gideonlaw.com

<u>Elida M. Alfaro</u>
*Assistant Corporation Counsel*
New York City Law Department
Special Federal Litigation Division
100 Church St, Rm 3-170
New York, NY 10007
Office: 212-356-2334
ealfaro@law.nyc.gov